UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RACHAEL L. SCHNELTING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22CV78 JAR |
| | ) | |
| MARTIN J. O'MALLEY,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision finding that Plaintiff Rachael Schnelting was not disabled prior to November 7, 2021. For the reasons discussed below, the decision of the Commissioner will be affirmed.

**Background**

On October 15, 2020, Plaintiff protectively filed applications for disability insurance benefits ("DIB") under Title II, 42 U.S.C. §§ 401, *et seq*., and supplemental security income ("SSI") under Title XVI, 42 U.S.C. §§ 1381, *et seq*., with an amended alleged onset date of February 28, 2020.[2] After Plaintiff's application was initially denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 15, 2021. Plaintiff was represented by counsel at the hearing, and the ALJ heard evidence from both

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin J. O'Malley should be substituted, therefore, for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The record reveals Plaintiff previously alleged an onset date of February 4, 2019.

Plaintiff and a vocational expert ("VE"). After considering the testimony and record evidence, the ALJ issued a partially favorable decision on December 10, 2021, that Plaintiff was not disabled prior to November 7, 2021, but became disabled on that date. The Appeals Council denied Plaintiff's request for review of this decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See Sims v. Apfel*, 560 U.S. 103, 107 (2000).

## Facts

The Court adopts Plaintiff's Statement of Uncontroverted Material Facts [ECF No. 12-1] to the extent they are admitted by the Commissioner. Regarding Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. These statements provide a fair and accurate description of the relevant record before the Court. Additional specific facts will be discussed as necessary to address the parties' arguments.

## Legal Standard

To be eligible for benefits under the Social Security Act, Plaintiff must prove that she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* at § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). At Step One, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At Step Two, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also,* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also,* 20 C.F.R. §§ 416.920(c), 416.920a(d). At Step Three, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d). At Step Four, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also,* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment— and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC."

*Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to her RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv); *see also, Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If she meets this burden and shows that she is unable to perform her past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with her impairments and vocational factors such as age, education, and work experience. *See Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). "[T]he threshold for such

4

evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016); *see also, Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

## Decision of the ALJ

In her decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity following the amended alleged onset date. The ALJ found that Plaintiff had the severe impairments of degenerative disc disease, cardiomyopathy, coronary artery disease, and obesity, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. After consideration of the entire record, the ALJ assessed Plaintiff's RFC, *prior to November 7, 2021*, as permitting a reduced range of sedentary work as defined in 20 C.F.R. §§ 404.1567 and 416.967, except she can sit for six hours and <u>stand or walk for two hours in an eight-hour workday</u>, and has the following limitations:

> She cannot use foot controls. She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally stoop and kneel, but she cannot crouch or crawl. She needs to avoid more than occasional exposure to concentrated levels of vibration, extreme cold and heat, humidity, fumes, noxious odors, dusts, mists, gases, and poor ventilation. She cannot work around unprotected heights or hazardous unshielded moving machinery.

Based on the testimony of the VE, the ALJ concluded that Plaintiff was not capable of performing her past relevant work. The ALJ then determined Plaintiff could perform other jobs

5

that exist in significant numbers in the national economy, including a final assembler, an egg processor, or a wire patcher. Thus, the ALJ found that Plaintiff was not disabled prior to November 7, 2021, as defined by the Act.

*Beginning on November 7, 2021*, the ALJ came to a different assessment, explained in further detail below, finding Plaintiff's RFC as permitting a reduced range of sedentary work as defined in 20 C.F.R. §§ 404.1567 and 416.967, except she can sit for six hours and stand or walk for <u>less than two hours in an eight-hour workday</u>, with the same remaining limitations stated *supra*. Based on the testimony of the VE, the ALJ concluded that Plaintiff was not capable of performing her past relevant work. The ALJ further found that, based on the VE's testimony, beginning on November 7, 2021, Plaintiff could no longer perform a significant number of jobs when she could no longer stand or walk for two hours in an eight-hour workday. Thus, the ALJ found Plaintiff was disabled beginning on November 7, 2021, as defined by the Act.

**Statement of the Issues**

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The specific issue in this case is whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled prior to November 7, 2021.

**Discussion**

A claimant's RFC is "the most a claimant can still do despite his or her physical or mental limitations." *Martise*, 641 F.3d at 923 (internal quotations, alteration and citations omitted); 20 C.F.R. § 404.1545(a)(1). It is the claimant's burden rather than the Commissioner's to provide claimant's RFC. *Pearsall,* 274 F.3d at 1217. In formulating a claimant's RFC, the ALJ must

6

consider all the relevant, credible record evidence, including a claimant's medical records, observations from treating and examining physicians, and a claimant's subjective statements. *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

Here, after Plaintiff was hospitalized on November 6, 2021, the ALJ determined that the only change in Plaintiff's RFC beginning on November 7, 2021, was that she could no longer stand or walk for two hours in an eight-hour workday, which the VE confirmed was the difference between being able to perform a significant number of sedentary jobs and no sedentary jobs at all. Thus, the ALJ's finding that Plaintiff became disabled on November 7, 2021, stemmed from her finding that Plaintiff experienced a reduction in her ability to stand and walk at that time. Plaintiff argues that the ALJ should have found this limitation earlier.

<u>Prior to November 7, 2021</u>

The ALJ acknowledged that Plaintiff's medically determinable impairments prior to November 7, 2021, could reasonably be expected to cause issues, but found that her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and the record as a whole. The ALJ discussed Plaintiff's testimony, the findings of her physical examinations, and treatment notes at length and found that this evidence supported some limitations, but not those that Plaintiff alleged. For instance, starting with her complaints that she was unable to stand or walk for long period of time because of her lower back pain, physical examinations of Plaintiff reveal that she has paraspinal tenderness to palpation and some decreased range of motion, but overall, an independent gait, normal muscle strength, and normal muscle tone and bulk. The ALJ acknowledged that Plaintiff has received treatment from a pain management specialist, but pointed out that she was not required to use an assistive device, currently prescribed pain medication, has not entered physical therapy, and no

7

surgery had been recommended. As it relates to Plaintiff's cardiomyopathy and coronary artery disease diagnosis and history of a myocardial infarction in 2018, which results in shortness of breath and swelling in her legs, Plaintiff testified at the hearing that her diuretic medication, Lasix, worked well for reducing the swelling until her hospitalization in November 2021. The ALJ considered that in August 2020, after an echocardiogram revealed an ejection fraction of fifty-five percent and a myocardial perfusion SPECT was described as unremarkable, Plaintiff's cardiologist noted that her recent testing and examination findings showed no signs of coronary artery disease or ischemia. Importantly, Plaintiff's lower extremity edema resolved after doubling her Lasix for three days. The ALJ further noted that when Plaintiff returned to her cardiologist in June 2021 after reporting several months of chest pain with trace swelling in her legs, an examination revealed that her hypertension was noted to be in good control and a cardiac catheterization revealed normal coronaries without obstructive coronary artery disease and an ejection fraction of sixty percent. Plaintiff's chest pain was also thought to be non-cardiac related, which was further supported after a cardiac workup completed in September 2021 for a five-day history of chest pain was found negative. The ALJ also found that Plaintiff's obesity impacts her ability to ambulate and warrants functional restrictions. Plaintiff argues that the ALJ erred by not explaining a July 2020 treatment record that showed she had gained twenty pounds and had Class III cardiac disease, and a December 2020 lumbar spine magnetic resonance imaging that cites degenerative changes. However, as explained above, the ALJ thoroughly recognized Plaintiff's alleged symptoms as it relates to those conditions and found those were accommodated by the RFC. As it relates specifically to walking and standing, the ALJ included a limitation in the RFC that prior to November 7, 2021, Plaintiff could only stand or walk for two hours in an eight-hour workday.

8

Plaintiff does not attack the ALJ's determination of the medical opinion evidence nor does Plaintiff cite any opinion from a treatment provider assessing any limitation on her ability to walk prior to November 7, 2021. Importantly, the ALJ considered the opinions of two state agency medical consultants, Harry Cole, M.D., and Charlotte Endsley, M.D. . Dr. Cole reviewed Plaintiff's records in January 2021, and found that Plaintiff could stand or walk for six hours in an eight-hour workday. Dr. Endlsey reviewed Plaintiff's records in May 2021 and concluded the same. A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *See, e.g., Hensley,* 352 F.3d at 357 (citing *Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999)). However, the ALJ considered their opinions unpersuasive, finding that Plaintiff's impairments required more restrictive limitations based on the record as a whole and that she could only stand or walk for two hours in an eight-hour workday.

<u>Beginning on November 7, 2021</u>

In reaching her conclusion that Plaintiff became disabled beginning on November 7, 2021, the ALJ explained that Plaintiff was admitted to the hospital on November 6, 2021, because she was found to be too dyspneic on exertion to go home safely. The ALJ outlined that during the hospital examination, Plaintiff exhibited 4+ edema in her bilateral thighs, knees, ankles and toes, and a chest x-ray was consistent with pulmonary edema. Plaintiff's weight was also noted to be 414 pounds, which was an increase of thirty-two pounds from her previous weight of 382 pounds on September 21, 2021, pushing her body mass index to 64.9. The ALJ noted that during Plaintiff's hospitalization, she was provided a front-wheeled walker and that her discharge recommendations included home health physical therapy to increase her leg strength and endurance, gait training, and transfer training. Plaintiff testified at the hearing that she was using crutches at home after hospitalization to help her ambulate. The evidence prior to November 7, 2021, did not support the

9

use of an assistive device or physical therapy. Plaintiff's November 7, 2020, Function Report further confirmed this as she reported that she did not use crutches, a cane, a wheelchair, a walker, or any other such assistive device. Additionally, prior to November 7, 2021, the ALJ explained that based on Plaintiff's own testimony and the medical evidence, Lasix was working well for reducing her swelling. The regulations allow the ALJ to consider Plaintiff's level of treatment and use of medication in evaluating her subjective complaints, which the ALJ appropriately did here. *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v) (ALJ may consider medication and treatment); *Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014) (an impairment that is "controllable or amenable to treatment [does] not support a finding of total disability") (internal quotation omitted)). However, after her hospitalization on November 6, 2021, Plaintiff testified at the hearing that Lasix was no longer helping in reduction in swelling. The ALJ reasonably concluded that, beginning November 7, 2021, the medical evidence supported that Plaintiff's conditions worsened, and she could no longer stand or walk for up to two hours in an eight-hour workday, which is insufficient to sustain even sedentary work.

The ALJ carefully detailed her findings through her discussion of Plaintiff's impairments. As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). For these reasons, the Court finds that substantial evidence supports the ALJ's decision that Plaintiff's

hospitalization on November 6, 2021, diminished her ability to stand and walk to less than two hours in an eight-hour workday.

### Conclusion

For these reasons stated above, the Court finds the ALJ's decision that Plaintiff was not disabled prior to November 7, 2021, is supported by substantial evidence on the record, and therefore, the Commissioner's decision will be affirmed. *Perkins v. Astrue*, 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED**.

Dated this 28th day of March, 2024.

                                                               **JOHN A. ROSS**
                                                               **UNITED STATES DISTRICT JUDGE**